Ben **HATRIDGE**, Appellant,

v.

**DAY & ZIMMERMANN, INC.,** Appellee.

No. 9743.

Court of Appeals of Texas,
Texarkana.

April 24, 1990.

Thomas Newman, Texarkana, for appellant.

John R. Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Ben Hatridge appeals from an adverse summary judgment in his damage suit against Day & Zimmermann, Inc. The trial court granted summary judgment on the basis that all issues raised in Hatridge's suit were pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185 (West 1978), because Hatridge's complaints were governed by a collective bargaining agreement between Day & Zimmermann and Hatridge's union. Hatridge contends that the summary judgment was improperly rendered. We agree.

Hatridge was employed by Day & Zimmermann at the Lone Star Army Ammunition Plant. He was a member of the International Brotherhood of Electrical Workers, and his employment was governed by a collective bargaining agreement between Day & Zimmermann and the union. The agreement provided, among other things, grounds for termination of employment and grievance procedures.

Hatridge's job was to calibrate testing equipment that measured the hardness of grenade bodies. An inspector was assigned to periodically check the line to insure its steady production. Hatridge alleged that his inspector, a woman, had harassed and intimidated him on a regular basis and generally interfered with his duties. On July 27, 1984, after Hatridge had crawled under six conveyor lines to calibrate new equipment, he stopped to unbutton his trousers and tuck in his shirttail. On seeing his inspector behind him, he dropped his pants and exposed his shirttail and the back of his legs above his knees with the intent to convey a message to the inspector. Hatridge was summoned to the personnel office to discuss the incident. The director of industrial relations allegedly told him that if he did not sign a voluntary resignation he would be fired on the spot, resulting in the loss of approximately $9,000.00 in accrued benefits. Faced with this proposition, Hatridge resigned.

■ Hatridge filed suit alleging breach of an implied employment contract, breach of a covenant of good faith and fair dealing, sexual discrimination, violation of his due process rights, and defamation of his character. Day & Zimmermann moved for summary judgment asserting that Hatridge's causes of action were governed by the collective bargaining agreement, and therefore his suit was pre-empted by Section 301 of the Labor Management Relations Act. The trial court granted the motion.

■ All claims are not pre-empted by Section 301, even if the plaintiff is covered by a collective bargaining agreement. Only claims founded directly on rights *created by* the collective bargaining agreement and claims substantially dependent on an *analysis of* the collective bargaining agreement are pre-empted. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Thus, it is only where a right emanates from the collective bargaining agreement, or the enforcement of that right requires an interpretation of that agreement, that the cause of action is pre-empted. *International Brotherhood of Electrical Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).

■ A party covered by a collective bargaining agreement may assert legal rights independent of that agreement, including

656 ■

state law contract rights, so long as the contract relied on is not the collective bargaining agreement. *Caterpillar, Inc. v. Williams*, supra. As stated by the United States Supreme Court in *Caterpillar, Inc. v. Williams*, supra:

> Respondents allege that Caterpillar has entered into and breached *individual employment contracts* with them. Section 301 says nothing about the content or validity of individual employment contracts.

(Emphasis added.)

Hatridge's situation is the same as that in *Caterpillar*. Among other things, he pleaded that the circumstances of his relationship and dealings with Day & Zimmermann were such that an implied expected longevity employment contract had arisen between them which Day & Zimmermann breached. His claim in that regard comes directly within the type of claim approved by *Caterpillar, Inc. v. Williams*, supra, as not being pre-empted by Section 301.

*Allis–Chalmers Corp. v. Lueck*, supra, does not hold differently. That case held that a claim was pre-empted because it was for failure to pay disability payments "due under a collective bargaining agreement." Hatridge has nowhere alleged the breach of a duty imposed by or arising under the collective bargaining agreement.

The fact that the collective bargaining agreement provides a remedy for termination of employment without just cause does not absolutely relegate Hatridge to the collective bargaining agreement for enforcement of his alleged contract. The contrary proposition was advanced and rejected by the United States Supreme Court in *Lingle v. Norge Division, Magic Chef*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), where the Court said,

> [E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the [collective bargaining] agreement itself, the claim is "independent" of

the agreement for § 301 pre-emption purposes.

Hatridge not only alleged independent state grounds under an implied longevity contract, but also causes of action for sexual harassment, slander, and due process violations. He may not be able to establish all or any of these causes of action at a trial, but that is not the question here. The question is whether he has stated a claim outside of the collective bargaining agreement. Again, as stated by the United States Supreme Court in *Caterpillar, Inc. v. Williams*, supra,

> It is true that respondents ... possessed substantial rights under the collective agreement, and could have brought suit under § 301. As masters of the complaint, however, they chose not to do so.

We find that Hatridge's pleaded claims are not all pre-empted by the federal law. Thus, summary judgment on that basis was improper.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for trial on the merits.